IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOHN BARKER, BRENDA BARKER,
and SAMANTHA WILKINSON, on behalf
of themselves and all other similarly
situated,

        Plaintiffs,

v.

SAURABH NAIK, INTERNATIONAL
EXPORT IMPORT, INC., a Maryland
Corporation, SURNAIK HOLDINGS OF
WV, LLC, a West Virginia limited liability
company, SIRNAIK LLC, a West Virginia
limited liability company, POLYMER
ALLIANCE SERVICES, LLC, a West
Virginia limited liability company, and
GREEN SUSTAINABLE SOLUTIONS,
LLC, a West Virginia limited liability
company,

        Defendants.

Case No. 2:17-cv-04387

Removed from the Circuit Court of
Wood County, West Virginia
Civil Action No. 17-C-382

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1453, Defendants hereby remove the above-referenced civil action from the Circuit Court of Wood County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division, for further proceedings, reserving any and all defenses and exceptions. As grounds for removal, Defendants state as follows:

        1.       On or about October 30, 2017, Plaintiffs initiated this case on behalf of themselves and a proposed class by filing a class action complaint against the Defendants in the Circuit Court

for Wood County, West Virginia. That state court is within the United States District Court for the Southern District of West Virginia, Charleston Division, and venue is proper.

2. Copies of the docket sheet, and all process, pleadings, and orders filed or served upon the Defendant are attached and incorporated by reference as Exhibits A (docket sheet) and Exhibit B (process, pleadings, and orders).

3. This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b), 1453(b). This Notice of Removal has been filed in this court within thirty days of the date on which the Defendants were served.

4. This court has jurisdiction of this case under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"). Removal to this court and jurisdiction in this court are proper because:

> a. The complaint alleges that the plaintiffs and proposed class members are citizens of West Virginia or reside or own property "within 1.5 miles of the property boundary of Defendants' #1 warehouse as of October 21, 2017." Compl. ¶ 34. The complaint alleges that some Defendants are citizens or residents of states other than West Virginia. Compl. ¶¶ 5-11.
>
> b. The complaint alleges that there are thousands of owner/occupants and renters within the proposed class. Compl. ¶ 35. The class definition includes a 1.5-mile radius around the fire in all directions, which encompasses much of the City of Parkersburg. *Id.* ¶ 34. As of the 2010 census, the City of Parkersburg had a population in excess of 30,000.
>
> c. As defined by CAFA, the amount in controversy exceeds the sum of $5 million, exclusive of interest and costs, based on the complaint's allegations of the size

       of the proposed class, and the fact that its members seek, among significant other relief, compensatory, special, and punitive damages, medical monitoring costs, and attorney's fees and litigation costs. On behalf of the alleged thousands of class members, plaintiffs seek to recover for Public and Private Nuisance (Counts I and II), Negligence or Gross Negligence (Counts III and IV), Trespass (Count V), Negligent Infliction or Emotional Distress (Count VI), Medical Monitoring (Count VII), and Unjust Enrichment (Count VIII). Solely with respect to the medical monitoring count, the plaintiffs allege that the class members have been exposed to chemicals known to cause serious illness, including various forms of cancer. Compl. ¶ 80. As a result, plaintiffs allege that the class members will require periodic diagnostic medical examinations specifically designed to promote early detections of the diseases and illnesses for which the class members are allegedly at an increased risk. *Id*. ¶¶ 81-83. Assuming that only one-third of the population fell within the subject area, and that the monitoring required only three visits during the lifetime of each class member, a cost of $167 per examination satisfies the amount in controversy, based on the complaint's allegations.

5. Written notice has been properly served this date to Plaintiffs' attorneys of record.

6. A copy of this Notice of Removal is being filed with the clerk of court in Case No. 17-C-382 in the Circuit Court of Wood County, West Virginia.

7. This Notice of Removal is filed subject to and without waiver of any defenses or objections to the complaint that the Defendants may have.

Defendants hereby request that this Notice of Removal be deemed sufficient and that this matter be removed to this court.

Respectfully submitted,

**DEFENDANTS,**

**BY COUNSEL:**

/s/ Michael B. Hissam
Michael B. Hissam (WVSB #11526)
Ryan M. Donovan (WVSB #11660)
Isaac R. Forman (WVSB #11668)
J. Zak Ritchie (WVSB #11705)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
T: 304-345-6555
F: 304-342-1110
mhissam@baileyglasser.com
rdonovan@baileyglasser.com
irforman@baileyglasser.com
zritchie@baileyglasser.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November, I served via facsimile transmission and regular United States mail postage prepaid the "*Notice of Removal*" on the individuals listed below. I also filed the pleading with the Clerk of the Court using the CM/ECF system, which may send notification of such filing to any of the following if they are CM/ECF participants:

| | |
|---|---|
| James R. Leach | Steven D. Liddle |
| Victoria J. Sopranik | Nicholas A. Coulson |
| JIM LEACH, LC | LIDDLE & DUBIN, P.C |
| 34 Bickel Mansion Drive | 975 E. Jefferson Avenue |
| Parkersburg, WV 26101 | Detroit, Michigan 48207 |

 /s/ Michael B. Hissam
Michael B. Hissam (WVSB #11526)