**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**


JOHN BARKER, et al.,

                          Plaintiffs,

v.                                      CIVIL ACTION NO.  2:17-cv-04387

SAURABH NAIK, et al.,

                          Defendants.


**MEMORANDUM OPINION AND ORDER**


Pending before the Court is Defendants' Motion to Dismiss Amended Complaint.[1] (ECF

No. 13.) For the reasons discussed below, the Court **GRANTS** the motion to dismiss.

*I. BACKGROUND*

This case arises out of a warehouse fire in Parkersburg, West Virginia. (ECF No. 11 at

1.) Plaintiffs are West Virginia citizens who bring this action individually and seek certification

of two classes of persons defined as the Property Damage Class, which includes "[a]ll owner-

occupants and renters of residential property within 1.5 miles of the property boundary of

Defendant's #1 warehouse as of October 21, 2017" and the Exposure Class, which includes "[a]ll

owners, occupants and renters of residential property within 1.5 miles of the property boundary of

Defendant's #1 warehouse as of October 21, 2017." (*Id.* ¶ 34.) Defendants include Saurabh

---

[1] Further pending before this Court is Defendants' Motion to Dismiss, (ECF No. 8), which was filed before Plaintiffs'
Amended Complaint and Defendants' subsequent Motion to Dismiss Amended Complaint. Accordingly, the Court
**DENIES AS MOOT** Defendants' first Motion to Dismiss.

Naik, an individual citizen of Maryland and principal, owner, and/or executive owner of each of the Defendant entities, Surnaik Holdings of WV, LLC, a West Virginia limited liability company, Sirnaik LLC, a West Virginia limited liability company, Polymer Alliance Services, LLC, a West Virginia limited liability company, Green Sustainable Solutions, LLC, a West Virginia limited liability company, and Intercontinental Export Import, Inc., a business corporation incorporated and with headquarters in Maryland doing business in West Virginia. (*Id*. ¶¶ 5–12.) The Amended Complaint alleges that on Saturday, October 21, 2017, a facility owned by Defendants caught fire and "release[ed] smoke, soot, pollutants, air contaminants, and noxious odors, causing material injury to Plaintiffs' property through negligence, gross negligence and nuisance." (*Id*. ¶ 1.) Plaintiffs assert (1) public nuisance; (2) private nuisance; (3) negligence; (4) gross negligence; (5) trespass; (6) negligent infliction of emotional distress; (7) medical monitoring; and (8) unjust enrichment. (*Id*. ¶¶ 43–90.) Plaintiffs request relief in the forms of "compensatory, special, and punitive damages, all appropriate medical monitoring costs, and attorneys' fees and costs, including prejudgment and post-judgment interest thereupon (all in amounts to be determined at trial)," "[e]quitable and injunctive relief for providing notice and medical monitoring to Plaintiffs and the Exposure Class and to abate the damage to Plaintiffs' properties," and "such further relief as the Court deems just and proper." (*Id.* at 15.)

Plaintiffs filed their original Complaint in the Circuit Court of Wood County, West Virginia, on October 30, 2017. (*See* ECF No. 1-2.) Defendant removed the case to this Court on November 20, 2017. (ECF No. 1.) In the Notice of Removal, Defendants assert that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"). (*See id.* at 2.) Defendants filed their original Motion to Dismiss

on December 27, 2017.  (ECF No. 8.)  Plaintiffs subsequently filed an Amended Complaint on

January 17, 2018.  (ECF No. 11.)  Defendants then filed their current Motion to Dismiss on

January 31, 2018.  (ECF No. 13.)  Plaintiffs filed their response to the motion, as allowed by the

Court, on February 23, 2018, (ECF No. 24), and Defendants replied on March 2, 2018, (ECF No.

25).  The motion is fully briefed and ripe for adjudication.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain

statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); *Erickson v.

Pardus*, 551 U.S. 89 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a

complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P.

12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim

is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled on other grounds, *Twombly*,

550 U.S. at 563); *see also Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007).  In

order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662,

(2009) (quoting *Twombly*, 550 U.S. at 570); *see also Monroe v. City of Charlottesville*, 579 F.3d

380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the

factual allegations contained in the complaint. . . .'"  *Erickson*, 551 U.S. at 94 (quoting *Twombly*,

550 U.S. at 555–56); *see also S.C. Dept. of Health and Envt'l Control v. Commerce and Indus.*

*Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court must likewise "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor. . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although "detailed factual allegations" are not necessary, the facts alleged must be enough "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," or "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663, 678.

### III. DISCUSSION

Defendants ask this Court to dismiss all of Plaintiffs' counts except for Count VI. (*See* ECF No. 14.) The Court will address each claim individually.

#### A. Nuisance – Count I & II

Plaintiffs have alleged both public and private nuisance claims. (*See* ECF No. 11 at 8–10.) In West Virginia, a private nuisance interferes with the private use or enjoyment of land, while a public nuisance interferes with a public right or inconveniences an indefinite number of people. *See Hendricks v. Stalnaker*, 380 S.E.2d 198, 200–01 (W. Va. 1989); *Hark v. Mountain Fork Lumber Co.*, 34 S.E.2d 348, 354 (W. Va. 1945). A plaintiff that has suffered a private interference with the use and enjoyment of his land always has standing to bring a private nuisance claim. A plaintiff only has standing to pursue a public nuisance claim, however, if he has suffered a special injury different in kind from the public in general. *Hark*, 34 S.E.2d at 354.

i.   Private Nuisance

A private nuisance is "a substantial and unreasonable interference with the private use and enjoyment of another's land."  *Hendricks*, 380 S.E.2d at 200; see also Restatement (Second) of Torts § 822 (1979).   Notably, a private nuisance "injures one person or a limited number of persons only."  *Hark*, 34 S.E.2d at 354.   A private nuisance is not available under West Virginia law when the alleged breach of duty affects only a right common to the general public.  *Rhodes v. E.I. Du Pont de Nemours & Co.*, 657 F. Supp. 2d 751, 767–68 (S.D. W. Va. 2009).

Here, Plaintiffs claim that "[t]he odors, pollutants and air contaminants which have invaded Plaintiffs' property are indecent and/or offensive to the senses, and obstruct the free use of their property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and/or property . . . " and that "[t]he invasion of Plaintiffs' property by odors, pollutants, and air contaminants interfered with their distinct, individually held property rights, as opposed to a mere invasion of a right common to the general public."  (*See* ECF No. 11 ¶¶ 45, 46.)   However, Plaintiffs' allegations concern the invasion of the emissions from the fire into the public airspace and general breathing community.   Plaintiffs' attempt to distinguish the circumstances of the fire are without avail as they are similar to the facts dealt with by this Court in *Rhodes*, where the Court found that a comparable instance of pollution could only be brought as a public nuisance.  *Rhodes*, 657 F. Supp. 2d at 767–68.   The Court in *Rhodes* found that the right to clean water, which is similar to the right to clean air as in this case, was a right common to the community.  *Id*. (citing Restatement (Second) of Torts § 821B cmt. g ("A public right is one common to all members of the general public.")).   The alleged intrusion into the water in *Rhodes*, like the alleged intrusion of the air here, "affects only a right common to the general public" and gives "rise only to a public,

rather than a private nuisance," if at all.  *Id*.  Furthermore, as the West Virginia Supreme Court of Appeals has held, Plaintiffs may not pursue an allegation of private nuisance if their allegations are not tailored to the injury of "one person or a limited number of persons only."  *Hark*, 34 S.E.2d at 354.  In this case, the interference alleged by Plaintiffs is the contamination of the public air. Accordingly, the alleged interference is an interference with a public right, and Plaintiffs have not made any showing of a private nuisance.  As such, the Court must **GRANT** Defendants' motion to dismiss as to Plaintiffs' claim of private nuisance.

ii.    Public Nuisance

According to the West Virginia Supreme Court of Appeals, a public nuisance "operates to hurt or inconvenience an indefinite number of persons."  *Hark*, 34 S.E.2d at 354.  In other words, a public nuisance "affects the general public."  *Id*.  The Supreme Court of Appeals has explained that this definition of a public nuisance is "consistent with the Restatement (Second) of Torts § 821B(1), which defines a public nuisance as 'an unreasonable interference with a right common to the general public.'"  *Duff v. Morgantown Energy Assocs. (M.E.A.)*, 421 S.E.2d 253, 257 n.6 (W. Va. 1992).  Furthermore, an individual plaintiff only has standing to pursue a public nuisance claim if he has suffered a special injury different in kind from the public in general.  *Hark*, 34 S.E.2d at 354.  The *Hark* Court went on to state that "a suit to abate a public nuisance cannot be maintained by an individual in his private capacity, as it is the duty of the proper public officials to vindicate the rights of the public."  *Id*.

Here, Plaintiffs allege that they "suffered a special injury different in kind from that suffered by the public in general, because their properties were invaded and they were therefore deprived of the full use and enjoyment of their property."  (ECF No. 11 ¶ 47.)  However, these

allegations are not sufficient to allege a special injury. Plaintiffs have not shown "a special injury different in kind and degree from that of the general public." *Rhodes*, 657 F. Supp. 2d at 769. The invasion of the air pollution onto Plaintiffs' properties are no different than the injuries suffered by the general public, just like the Court found in *Rhodes*, and Plaintiffs have therefore failed to demonstrate a special injury. *Id.* at 769 (finding that the injuries of the plaintiffs were not different from the injuries of the other municipal water customers). Furthermore, as Plaintiffs are not public officials, they fail to meet the requirements as articulated by the West Virginia Supreme Court of Appeals regarding appropriate plaintiffs for public nuisance claims. As such, the Court must **GRANT** Defendants' motion to dismiss as to Plaintiffs' claim of public nuisance.

B. Negligence – Count III & IV

To recover under a theory of negligence, a plaintiff must show injury. An injury can be either present injury or "reasonably certain" future injury. *Ellard v. Harvey*, 231 S.E.2d 339, 342 (W. Va. 1976) (holding that "a plaintiff may recover the cost of reasonable and necessary future medical and hospital services and for future pain and suffering where the evidence shows that it is reasonably certain that such future expenses will be incurred and are proximately related to the negligence of the defendant"). Plaintiffs have alleged that due to the fire, they "have suffered and are reasonably certain to continue to suffer damages as alleged herein, including but not limited to the loss of use and enjoyment of their property and the effects of physical exposure to noxious emissions from the fire." (ECF No. 11 ¶ 57.) However, these threadbare allegations are conclusory at best. Plaintiffs have failed to assert that they currently suffer from any illness or diseases caused by their exposure or that they will be subject to "reasonably certain" future injuries. *Rhodes v. E.I. du Pont de Nemours & Co.*, 636 F.3d 88, 95 (4th Cir. 2011). Further, Plaintiffs

have specified no compensable injury to sustain their negligence cause of action. *Rhodes*, 657 F. Supp. 2d at 767. As such, the Court must **GRANT** Defendants' motion to dismiss as to Plaintiffs' claim of negligence.

Moreover, as the Court has found that Plaintiffs have failed to sufficiently state a claim for negligence, the Court cannot find that Plaintiffs have alleged sufficient facts to state a claim under the higher standard of gross negligence and must **GRANT** Defendants' motion to dismiss as to Plaintiffs' claim of gross negligence.

C. Trespass

A trespass is "an entry on another man's ground without lawful authority, and doing some damage, however inconsiderable, to his real property." *Hark*, 34 S.E.2d at 352. "'[A]n invasion must constitute an interference with possession in order to be actionable as a trespass . . . . It is this requirement of interference with possession and, therefore, with use, of another's property that separates the tort of trespass from the tort of private nuisance, and it is this requirement that justifies the notion that the invasion is actionable without physical harm to the land being caused.'" *Rhodes*, 657 F. Supp. 2d at 771 (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 13 at 70 (5th ed. 1984)). "Further, only tangible, rather than intangible, invasions were deemed to constitute an actual interference with property. *See id*. at 71 (noting "the defendant's act must result in an invasion of tangible matter")." *Id*. In *Bartlett v. Grasselli Chemical Co.*, the West Virginia Supreme Court held that the "chemical deposits upon [land] from fumes, gases, and dust emitted from the defendant's furnaces and carried over the land by air currents, or spreading over it through the air," does not effect a trespass but instead a private nuisance. *Bartlett v. Grasselli Chemical Co.*, 115 S.E. 451, 455 (W. Va. 1922).

Here, Plaintiffs argue that "Defendants' negligent acts and omissions in causing and prolonging the fire at the Warehouse caused emissions from the fire, and specifically tangible physical fallout to enter onto the real and personal property of Plaintiffs and the Property Damage Class." (ECF No. 11 ¶ 66.) While the facts here center around the burning of the warehouse instead of the burning of substances inside of a furnace, the result is still the same as in *Bartlett*; debris and emissions from the fires resulted in fallout entering the air spaces and landing onto properties. As such, the ruling in *Bartlett* directs this Court's findings. Accordingly, the Court must **GRANT** Defendants' motion to dismiss as to Plaintiffs' claim of trespass.

D. Medical Monitoring

In *Bower v. Westinghouse Electric Corp.*, the West Virginia Supreme Court recognized a cause of action for "the recovery of medical monitoring costs, where it can be proven that such expenses are necessary and reasonably certain to be incurred as a proximate result of the defendant's tortious conduct." *Bower v. Westinghouse Electric Corp.*, 522 S.E.2d 424, 431 (W. Va. 1999). Under this cause of action, a plaintiff must prove that:

> (1) he or she has, relative to the general population, been significantly exposed; (2) to a proven hazardous substance; (3) through the tortious conduct of the defendant; (4) as a proximate result of the exposure, plaintiff has suffered an increased risk of contracting a serious latent disease; (5) the increased risk of disease makes it reasonably necessary for the plaintiff to undergo periodic diagnostic medical examinations different from what would be prescribed in the absence of exposure; and (6) monitoring procedures exist that make the early detection of a disease possible.

*Id*. at 432–33.

Here, Plaintiffs' allegations mirror the factors set forth by the *Bower* Court but fail to allege any facts in support of these elements, only making conclusory statements which are insufficient to sustain this claim. As is the precedent of this Court, Plaintiffs' general allegations that they

"have been significantly exposed to proven hazardous substances through the tortious conduct of the Defendants" and that these exposures "have or will have a significantly increased risk of contracting one or more diseases, including but not limited to cancer" and "make it reasonably necessary for them to undergo periodic diagnostic medical examinations different from what would be prescribed in the absence of their exposure" are not sufficient to maintain a cause of action. *Hagy v. Equitable Prod. Co.*, No. 2:10-cv-01372, 2011 U.S. Dist. LEXIS 46920, at *10–11 (S.D. W. Va. April 28, 2011) (holding that similar general allegations failed to state a claim for medical monitoring). Plaintiffs' conclusory allegations do not even come close to sufficiently alleging the appropriate facts as required under the dictates of *Twombly* and *Iqbal*. Accordingly, the Court must **GRANT** Defendants' motion to dismiss as to Plaintiffs' claim of medical monitoring.

E. Unjust Enrichment

To maintain a claim of unjust enrichment, the following elements must be proven: "(1) a benefit conferred upon the [defendant], (2) an appreciation or knowledge by the defendant of such benefit, and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Veolia Es Special Servs., Inc. v. Techsol Chem. Co.*, No. 3:07-cv-0153, 2007 U.S. Dist. LEXIS 88127, at * 25 (S.D. W. Va. Nov. 30, 2007) (citing 26 Williston on Contracts § 68:5 (4th ed.)).

Plaintiffs' allegations of unjust enrichment are immense reaches and the Court is puzzled as to why Plaintiffs did not concede this claim in their response to the motion to dismiss. Plaintiffs fail to sufficiently allege facts to meet any of the elements necessary to maintain a claim of unjust

enrichment. All Plaintiffs offer are four threadbare allegations which fall well short of the requirements of *Twombly* and *Iqbal*. Accordingly, the Court must **GRANT** Defendants' motion to dismiss as to Plaintiffs' claim of unjust enrichment.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** Counts I, II, III, IV, V, VII, and VIII from Plaintiffs' Amended Complaint.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 10, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE